UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D'ANNUNZIO ROMAN GAVIOLA PATRON,<br><br>            Plaintiff,<br><br>    v.<br><br>LEWY HUGH, et al.,<br><br>            Defendants. | No.  1:24-cv-00655-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THIS ACTION PROCEED ONLY ON THE DUE PROCESS CLAIM<br><br>(ECF No. 8) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed June 21, 2024.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

1

"seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

The incidents at issue in the complaint took place at the Fresno County Jail.  Plaintiff names registered nurse Lewy Hugh, correctional officer C. Mares, correctional officer G. Herara, and corporal Alvarez, as Defendants.

On or about May 15, 2024, at 8:30 p.m. while housed on MJ-4-A13, Plaintiff told nurse Hugh, officer Mares, and officer Herara that he was having thoughts of committing suicide and he needed to see mental health.  Hugh smiled, shaking her head stating, "well you told custody."

1  Plaintiff replied, "custody does not care an[d] ignores my pleas for help.  Plus you're 'Medical'
2  which is correlated to mental health's administration.  It's your duty to have me pulled out
3  before[e] it's too late." (Compl. at 3.)  Hugh did not reply.  Plaintiff repeated his cries for help to
4  officers Mares and Herara who were both standing nearby.  Both officers said, "Okay," but left
5  Plaintiff's cell unattended and unsupervised.  Plaintiff proceed to jam seven lead pencils in his
6  door frame, double locking his door.  Plaintiff covered his back window with a black blanket and
7  hung himself from the top the third highest bunk rail.  Plaintiff was rushed to Community
8  Regional Medical Center hospital with pinched nerves in his L-5 and L-7 vertebrae and he still
9  suffers in pain.
10      On June 17, 2024, Plaintiff was called a "nigger" by corporal Alvarez when he asked why
11 he could not get a haircut.  Plaintiff told Alvarez that he would file a grievance against her for
12 misconduct.  At that point, Alvarez told Plaintiff "so you're one of those smart niggers, trying to
13 sue friends of mine, hope you smell my name right dumb ass nigger."  Plaintiff was released for
14 gym at 7:50 a.m. and told Alvarez that he only came out to get a grievance form, who stated, "Oh
15 my fucking god, I can't believe you came out just for that shit.  You're being placed on twenty
16 four hour lockdown" called a "24."

**III.**

**DISCUSSION**

### A.    Fourteenth Amendment Due Process Clause

20 "Inmates who sue prison officials for injuries suffered while in custody may do so under
21 the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under
22 the Fourteenth Amendment's Due Process Clause." Castro v. Cty. of Los Angeles, 833 F.3d
23 1060, 1067–68 (9th Cir. 2016). "Under both clauses, the plaintiff must show that the prison
24 officials acted with 'deliberate indifference.' " Id. at 1068.
25      The Due Process Clause requires that "persons in custody ha[ve] the established right to
26 not have officials remain deliberately indifferent to their serious medical needs." Carnell v.
27 Grimm, 74 F.3d 977, 979 (9th Cir. 1996).  To establish a claim for the violation of this right, a
28 pretrial detainee must first show a "serious medical need." Id.  A pretrial detainee may establish

3

1  this element by showing he suffered from a serious injury while confined or maintained a

2  heightened risk of suicide. See Clouthier v. Cnty. of Contra Costa, 591 F.3d 1232, 1240 (9th Cir.

3  2010), overruled on other grounds by Castro v. Cnty. of Los Angeles, 833 F.3d 1060 (9th Cir.

4  2016) ("We have long analyzed claims that correction facility officials violated pretrial detainees'

5  constitutional rights by failing to address their medical needs (including suicide prevention)...").

6  Second, a pretrial detainee must show the defendant officials were deliberately indifferent to that

7  serious medical need. Conn v. City of Reno, 591 F.3d 1081, 1095 (9th Cir. 2010).

8        Under the Fourteenth Amendment, a pretrial detainee must show: "(1) The defendant

9  made an intentional decision with respect to the conditions under which the plaintiff was confined

10 [including a decision with respect to medical treatment]; (2) Those conditions put the plaintiff at

11 substantial risk of suffering serious harm; (3) The defendant did not take reasonable available

12 measures to abate that risk, even though a reasonable official in the circumstances would have

13 appreciated the high degree of risk involved—making the consequences of the defendant's

14 conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's

15 injuries." Sandoval v. Cty. of San Diego, 985 F.3d 657, 669 (9th Cir. 2021) (citing Gordon v. Cty.

16 of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018)) (internal quotation marks omitted). To satisfy

17 the third element, a plaintiff "must show that the defendant's actions were objectively

18 unreasonable, which requires a showing of more than negligence but less than subjective intent—

19 something akin to reckless disregard." Id. (internal quotation marks omitted).

20       The Ninth Circuit held that prisoners are constitutionally entitled to health care that

21 adequately addresses serious medical needs, and that "[a] heightened suicide risk or an attempted

22 suicide is a serious medical need." Conn v. City of Reno, 591 F.3d 1081, 1095 (9th Cir. 2010).

23 Indeed, a correctional facility's failure to adequately address the detainee's medical needs,

24 including an imminent risk of suicide, may violate a pretrial detainee's substantive due process

25 rights. Horton by Horton v. City of Santa Maria, 915 F.3d 592, 599 (9th Cir. 2019).

26       Here, Plaintiff alleges Defendants made the intentional decision to not investigate him

27 after he verbally expressed his need for mental health help and suicidal ideations but failed

28 provide him with medical care and/or supervision.  Plaintiff's allegations are sufficient to state a

4

cognizable claim under the Fourteenth Amendment against Defendants Lewy Hugh, C. Mares, and G. Herara.  See NeSmith v. Olsen, 808 F. App'x 442, 444 (9th Cir. 2020) (to state a constitutional violation, plaintiff must allege that defendants made decisions with "reckless disregard" of an imminent risk that decedent would commit suicide).

### B. Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity.  Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014).  Mere verbal harassment or abuse does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  In addition, threats do not rise to the level of a constitutional violation.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

Here, Plaintiff's allegations that corporal Alvarez placed him on a lockdown hold simply because he stated he was going to file a grievance and requested such form, is sufficient to give rise to a claim for retaliation.  However, this claim is not related under the Federal Rules of Civil Procedure to Plaintiff's due process claim and both claims must be brought in separate actions. not related under the Federal Rules of Civil Procedure.

A plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). A plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2);

Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. Coughlin, 130 F.3d at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party. Claims are related where they are based on the same precipitating event, or a series of related events caused by the same precipitating event. Plaintiff may not raise different claims against different Defendants in a single action. Merely because the claims arose while Plaintiff was at the same institution does not make the claims properly joined. Thus, this action will proceed on Plaintiff's due process claim, and the retaliation claim will be dismissed without prejudice, subject to re-filing, if so desired by Plaintiff.

## IV.

## ORDER AND RECOMMENDATIONS

The Court finds that Plaintiff's first amended complaint states a cognizable due process claim against Defendants Lewy Hugh, C. Mares, G. Herara and a cognizable claim for retaliation against Defendant Alvarez. Because these claims are improperly joined pursuant to Federal Rules of Civil Procedure 18 and 20, the Court will recommend that this action proceed on the due process claim against Defendants Lewy Hugh, C. Mares, G. Herara and the retaliation claim against Defendant Alvarez be dismissed without prejudice subject to refiling in a separate action.

Accordingly, the Clerk of the Court is DIRECTED to randomly assign a District Judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED as follows:

1. This action proceed on Plaintiff's first amended complaint against Defendants for a due process violation; and
2. Plaintiff's claim for retaliation claim against Defendant Alvarez be dismissed without prejudice as improperly joined under Federal Rules of Civil Procedure 18 and 20, subject to refiling in a separate action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen**

**(14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 1, 2024**                                              _____
                                                                                           UNITED STATES MAGISTRATE JUDGE