UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D'ANNUNZIO ROMAN GAVIOLA PATRON,<br><br>Plaintiff,<br><br>v.<br><br>LEWY HUGH, et al.,<br><br>Defendants. | No.  1:24-cv-00655-JLT-SAB (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY DEFENDANT LEWY HUGH SHOULD NOT BE DISMISSED PURSUANT TO RULE 4(M)<br><br>(ECF No. 20) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

On July 24, 2024, the Court ordered service of the first amended complaint on Defendants registered nurse Lewy Hugh, officer C. Mares, and officer G. Herara, at the Fresno County Jail. (ECF No. 14.)

On August 27, 2024, the United States Marshal returned USM-285 forms for officer G. Herara and nurse Lewy Hugh as unexecuted, with a notation that the waiver packages were not accepted.  (ECF No. 17.)  Personal service was then attempted by the United States Marshal.  On November 15, 2024, the USM-285 form was returned unexecuted with a notation that that "Wellpath staff manager Luke Garza-Rey stated they do not have an employee by the name listed

1

on this form." (ECF No. 20.)

Pursuant to Federal Rule of Civil Procedure 4:

> If a defendant is not served within 90 days after the complaint is filed, the court "on motion or on its own after notice to the plaintiff" must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause....' " Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990)).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

Because the staff manager for Wellpath indicated that they do not have an employee by the name of Lewy Hugh, the United States Marshal has not been successful in locating this Defendant Hugh, the Court will provide Plaintiff with an opportunity to show cause why Defendant Hugh should not be dismissed from this action for failure to serve process.  If Plaintiff is unable to provide the United States Marshal with additional information, Defendant Hugh shall be dismissed from this action.

///

///

1      Accordingly, based on the foregoing, it is HEREBY ORDERED that:
2      1.   Within **twenty (20)** days from the date of service of this order, Plaintiff shall show
3           cause why Defendant Lewy Hugh should not be dismissed from this action
4           pursuant to Rule 4(m); and
5      2.   Plaintiff's failure to respond to this order will result in a recommendation that
6           Defendant Lewy Hugh be dismissed from the action, without prejudice.

IT IS SO ORDERED.

Dated:   **November 20, 2024**

STANLEY A. BOONE
United States Magistrate Judge

3