UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D'ANNUNZIO ROMAN GAVIOLA PATRON,<br><br>             Plaintiff,<br><br>        v.<br><br>LEWY HUGH, et al.,<br><br>             Defendants. | No.  1:24-cv-00655-JLT-SAB (PC)<br><br>ORDER FOR FRESNO COUNTY SHERIFF TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO ASSIST WITH SERVICE OF PROCESS<br><br>(ECF Nos. 21, 22) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

On July 24, 2024, the Court ordered service of the first amended complaint on Defendants registered nurse Lewy Hugh, officer C. Mares, and officer G. Herara, at the Fresno County Jail. (ECF No. 14.)

On August 27, 2024, the United States Marshal returned USM-285 forms for officer G. Herara and nurse Lewy Hugh as unexecuted. (ECF No. 17.) As to both Herara and Hugh, the waivers of service of process were mailed on August 8, 2024, which was returned on August 26, 2024. (Id.) As to nurse officer Herara, it was noted "not known, return to sender." (Id. at 1.) As to nurse Hugh, it was noted "returned as refused, unable to forward." (Id.at 2.)

1

Thereafter, the United States Marshal attempted personal service on all three Defendants, but the summonses were returned unexecuted on November 15, 2024.  (ECF Nos. 20, 21, 22.) As to officer G. Herara, service was returned unexecuted with the following notation: "Service was attempted at provided address as well as various other Fresno County locations.  DUSM Story was unable to get anyone to verify had an employee by the name of G. Herara.  No one was willing to accept service or help out with service.  Story was referred to Fresno County Counsel officer but that office is not for the purpose of accepting service."  (ECF No. 22.)  As to officer C. Mares, service was returned unexecuted with the following notation: DUSM Story went to provided address and discovered the suite number doesn't exist.  Went to multiple other Fresno Co. locations and was unable to get any help with trying to serve process to CO C. Mares."  (ECF No. 21.)

Federal Rule of Civil Procedure 4 provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving plaintiffs proceeding in forma pauperis, the court routinely orders the U.S. Marshal to serve summonses and complaints on the defendants. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and ... should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required." Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotation marks and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115 (1995). However, where a pro se plaintiff fails to provide the U.S. Marshal with sufficient information to effectuate service on a defendant, the court may

dismiss the action against that defendant. Id. at 1421-22.

Under its inherent powers, a court may impose sanctions where a party has willfully disobeyed a court order, or where the party has "acted in bad faith, vexatiously, or for oppressive reasons." Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 557 (2014) (citation omitted). "The court's inherent authority to sanction includes not only the authority to sanction a party, but also the authority to sanction the conduct of a nonparty who participates in abusive litigation practices, or whose actions or omissions cause the parties to incur additional expenses." In Re Avon Townhomes Venture, 433 B.R. 269, 304 (Bankr. N.D. Cal.2010) (citations omitted); see also Chambers v. NASCO, Inc., 501 U.S. at 50–51, (affirming imposition of sanctions against nonparty); Corder v. Howard Johnson & Co., 53 F.3d 225, 232 (9th Cir.1994) ("[E]ven in the absence of statutory authority, a court may impose attorneys' fees against a nonparty as an exercise of the court's inherent authority to impose sanctions to curb abusive litigation tactics." (citation omitted)); Seco Nevada v. McMordie (In re Holloway), 884 F.2d 476, 477 (9th Cir.1989). Similarly, in Lockary v. Kayfetz, 974 F.2d 1166 (9th Cir.1992), abrogated on other grounds by Margolis v. Ryan, 140 F.3d 850, 854–55 (9th Cir.1998), the Ninth Circuit noted that a court has authority to sanction a nonparty that supplies a litigant's attorneys and "fund[s] the litigation in its entirety." Id. at 1171.

Here, as reflected on the USM-285 forms, the United States Marshal has attempted to service both Defendants C. Mares and G. Herara, but has been unable to do so and has not been provided any assistance by Fresno County personnel. Inasmuch as the United States Marshal cannot execute its mandate to serve the complaint on behalf of Plaintiff without the assistance of Fresno County personnel, the Court will order the Fresno County Sheriff, John Zanoni, to show cause why sanctions should not be imposed. The Court will also direct that this order be served on Fresno County Counsel.

Accordingly, it is HEREBY ORDERED that:

1. Within **twenty (20) days** from the date of service of this order, Fresno County Sheriff, John Zanoni, shall show cause why sanctions should not be imposed for failing to assist the United States Marshal with service of process as to Defendants

3

C. Mares and G. Herara; and

2. The Clerk of Court shall serve a copy of this order on Fresno County Counsel, at 2220 Tulare St., Fresno CA 93721.

IT IS SO ORDERED.

Dated: **November 20, 2024**

STANLEY A. BOONE
United States Magistrate Judge

4