UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D'ANNUNZIO ROMAN GAVIOLA PATRON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LEWY HUGH, et al.,<br><br>　　　　　Defendants. | No.  1:24-cv-00655-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT<br><br>(ECF No. 25) |

　　　　Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's due process claim against Defendants Lewy Hugh, C. Mares, G. Herara.

　　　　Currently before the Court is Plaintiff's motion for entry of default as to all three Defendants, filed December 5, 2024, self-dated November 24, 2024.  Plaintiff's motion must be denied.

　　　　Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[a] defendant must serve an

1

answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A).  Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service.  Fed. R. Civ. P. 4(d).  If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 55(a).

Here, the record reveals that entry of default is not appropriate at this time.  On July 24, 2024, the Court ordered service of the first amended complaint on Defendants registered nurse Lewy Hugh, officer C. Mares, and officer G. Herara, at the Fresno County Jail. (ECF No. 14.)

On November 20, 2024, the Court issued an order for Plaintiff to show cause why Defendant Lewy Hugh should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) as the staff manager for Wellpath indicated they do not have an employee by the name of Lewy Hugh.  (ECF No. 23.)  On this same date, the Court also ordered the Fresno County Sheriff to show cause why sanctions should not be imposed for failing to assist the United States Marshal in effectuating service on Defendant C. Mares and G. Herara.  (ECF No. 24.)  Accordingly, because Defendants have not yet been served with process, entry of default is not warranted and Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated:   **December 6, 2024**

STANLEY A. BOONE
United States Magistrate Judge

2