1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 D'ANNUNZIO ROMAN GAVIOLA PATRON, | No.  1:24-cv-00655-JLT-SAB (PC) |
| 12 | ORDER FOR PLAINTIFF TO SHOW CAUSE WHY DEFENDANT G. HERARA SHOULD |
| 13 Plaintiff, | NOT BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE |
| 14 v. | 4(M) |
| 15 LEWY HUGH, et al., | (ECF No. 27) |
| 16 Defendants. | |
| 17 | |

18          Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42

19   U.S.C. § 1983.

20          On July 24, 2024, the Court ordered service of the first amended complaint on Defendants

21   registered nurse Lewy Hugh, officer C. Mares, and officer G. Herara, at the Fresno County Jail.

22   (ECF No. 14.)

23          On November 20, 2024, the Court ordered the Fresno County Sheriff to show cause why

24   sanctions should not be imposed for failing to assist the United States Marshal with service of

25   process as to officers C. Mares and G. Herara.  (ECF No. 24.)

26          On December 10, 2024, a response by the Fresno County Sheriff was filed.  (ECF No. 27.)

27   Therein, the Fresno County Sheriff submits that it is believed "the persons contacted about this

28

matter at [the Fresno County Sheriff's Office], as well as those who were unable to be identified, acted in good faith, despite the apparent uninformed nature of certain of the directives cited by the USM, and did not intent to cause unnecessary work problems for the USM, or this Court, in connection with its return of service re a "G. Herara," or in t[he] case of its current employee, identified as "C. Mares" the lack of timely response."  (ECF No. 27 at 2.)  As to Defendant G. Herara, after further investigation by the Fresno County Sheriff's Office it was determined that no individual with this name is employed by the agency.  (ECF No. 27 at 3-4.)

Pursuant to Federal Rule of Civil Procedure 4:

> If a defendant is not served within 90 days after the complaint is filed, the court "on motion or on its own after notice to the plaintiff" must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause....' " Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990))  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

Because there is no officer with the name G. Herara employed by the Fresno County Sheriff's Office, the United States Marshal has not been successful in locating this Defendant.

2

Accordingly, the Court will provide Plaintiff with an opportunity to show cause why Defendant Herara should not be dismissed from this action for failure to serve process.  If Plaintiff is unable to provide the United States Marshal with additional information, Defendant G. Herara shall be dismissed from this action.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.      Within **twenty (20)** days from the date of service of this order, Plaintiff shall show cause why Defendant G. Herara should not be dismissed from this action pursuant to Rule 4(m); and

2.      Plaintiff's failure to respond to this order will result in a recommendation that Defendant G. Herara be dismissed from the action, without prejudice.

IT IS SO ORDERED.

Dated:   **December 17, 2024**

STANLEY A. BOONE
United States Magistrate Judge

3