UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D'ANNUNZIO ROMAN GAVIOLA PATRON,<br><br>                       Plaintiff,<br><br>             v.<br><br>C. MARES, et al.,<br><br>                       Defendants. | No.  1:24-cv-00655-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND REQUEST FOR ISSUANCE OF WITNESS SUBPOENAS, WITHOUT PREJUDICE<br><br>(ECF Nos. 49, 50) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel discovery and request for issuance of witness subpoenas, filed May 12, 2025 and May 21, 2025.  (ECF Nos. 49, 50.) Defendants Herrera and Mares (collectively hereinafter "County Defendants") filed an opposition to Plaintiff's motion to compel on May 23, 2025.  (ECF No. 51.)  Plaintiff has not filed a reply and the time to do so has passed.  Local Rule 230(l).

///

///

///

1

# I.

## PROCEDURAL BACKGROUND

This action is proceeding on Plaintiff's Fourteenth Amendment due process deliberate indifference claim against Defendants Lilian H, C. Mares, and C. Herrera.

On December 30, 2024, Defendant C. Mares filed an answer to the operative complaint.[1] (ECF No. 34.)

On January 10, 2025, the Court issued the discovery and scheduling order and the deadline for the completion of all discovery is set for September 10, 2025. (ECF No. 40.)

On March 26, 2025, Defendant C. Herrera filed an answer to the operative complaint.[2] (ECF No. 46.)

On May 9, 2025, County Defendants' counsel was informed by Senior Deputy County Counsel Scott Hawkins that his office had received a Request for Production of Documents ("RFP") from Plaintiff, which was forwarded to Cross-Defendants' counsel. (ECF No. 51, Declaration of Michael R. Linden ¶ 6, Ex. A.) The RFP is not directed toward any specific Defendant but instead requests that "the Defendants" produce certain documents or make them available for inspection and copying. (Linden Decl., ¶ 6, Ex. A.) The proof of service attached represents that on March 19, 2025, the RFP was served by mail from the Wasco State Prison on the California Attorney General as well on Scott Hawkins at the Fresno County Counsel's Office. (Linden Decl., ¶ 6, Ex. A.)

# II.

## LEGAL STANDARD

Plaintiff is proceeding pro se and he is a former inmate at the Fresno County Jail challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 40. Further,

---

[1] The office of Aleshire & Wynder filed the answer on behalf of C. Mares.

[2] The office of Aleshire & Wynder filed the answer on behalf of C. Herrera.

where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

///

1  Generally, if the responding party objects to a discovery request, the party moving to
2  compel bears the burden of demonstrating why the objections are not justified. Grabek v.
3  Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012);
4  Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765,
5  at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL
6  860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court
7  which discovery requests are the subject of the motion to compel, and, for each disputed
8  response, why the information sought is relevant and why the responding party's objections are
9  not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell,
10 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with
11 broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to
12 leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his
13 motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012);
14 Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v.
15 Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

16                                         **III.**
17                                    **DISCUSSION**
18     **A.     Motion to Compel**
19  Plaintiff seeks to compel further responses to the RFP from Defendants. (ECF Nos. 49,
20 50.)
21  In opposition, County Defendants argue that Plaintiff did not properly serve them with the
22 RFP, and they only recently received a copy of the RFP. (Linden Decl. ¶ 6, Ex. A.)
23  Federal Rule of Civil Procedure 34 requires a party to produce all relevant documents in
24 the party's "possession, custody, or control" when responding to a request for production of
25 documents. Fed. R. Civ. P. 34(a)(1). "Rule 34 only requires a party to produce documents that are
26 already in existence," and a district court "cannot compel the production of documents that do not
27 exist." Alexander v. F.B.I., 194 F.R.D. 305, 310 (D.C. Cir. 2000); Medina v. Cnty. of San Diego,
28 Civil No. 08cv1252 BAS (RBB), 2014 WL 4793026, at *19 (S.D. Cal. Sept. 25, 2014); see also

1  Lamon v. Adams, No. 1:09–cv–00205–LJO–SMS PC, 2015 WL 1879606, at *3 (E.D. Cal. Apr.
2  22, 2015) ("In requiring the production of documents and other tangible things 'in the responding
3  party's possession, custody, or control,' Federal Rule of Civil Procedure 34(a)(1) contemplates
4  only the production of existing items since something that does not exist cannot be possessed,
5  held, or controlled.").

6  Plaintiff's motion to compel must be denied.  As mentioned above, the proof of service for
7  the RFP states that Scott Hawkins of the Fresno County Counsel's office was served.  (Linden
8  Decl., ¶ 6, Ex. A.)  However, Aleshire & Wynder, not the County Counsel's office, is counsel of
9  record for the County Defendants.  (Linden Decl., ¶ 6.)  The County Counsel's office has never
10 been counsel of record for the County Defendants, and it is not a party to the litigation, so the
11 service was improper under the federal rules. See Fed. R. Civ. P. 34(a) (requiring a request for
12 production to be served on a "party"); Fed. R. Civ. P. 5(a)(1)(C) (a "discovery paper" required to
13 be served on a party must be served on every party); Fed. R. Civ. P. 5(b)(1) ("If a party is
14 represented by an attorney, service under this rule must be made on the attorney unless the court
15 orders service on the party."); see also Fed. R. Civ. P. 34(a) (requiring a request for production to
16 be served on a "party").  In addition, at the time that RFP was served on the County Counsel's
17 office, Defendant Herrera had not yet appeared in this action.  (Linden Decl. ¶ 4; see also ECF
18 Nos. 45, 46.)  As stated in his motion, "[o]n or about March 3rd, 2025," Plaintiff "mailed all three
19 defendants" the RFP "to their individual respective addresses, with Proof Of Service attached."
20 (ECF No. 50.)  Plaintiff then represents that "[m]y request was denied by all three defendants."
21 (Id.)  Because Plaintiff did not properly serve his discovery requests, his motions to compel must
22 be denied.

23      **B.     Request for Witness Subpoenas**

24  Plaintiff also requests for the issuance of subpoenas deuces tecum for three inmate
25 witnesses.  Plaintiff seeks an order "to subpoena three formerly incarcerated persons who was
26 there on May 15, 2024 when Plaintiff told the three defendants that he was about to act on his
27 suicidal ideation an[d] was ignored by staff."  (ECF No. 50 at 2.)  Defendants argue that Rule 45
28 may be used to compel a non-party to allow plaintiff to view an existing document, but does not

authorize an order compelling a non-party to create a new document.

A subpoena duces tecum, served pursuant to Federal Rule of Civil Procedure 45(a)(2), directs a non-party to an action to produce documents or other tangible objects for inspection. Because Plaintiff is proceeding in forma pauperis, he is entitled to obtain personal service of an authorized subpoena duces tecum by the United States Marshal. See 28 U.S.C. § 1915(d). A subpoena must be personally served, or it is null and void. Fed. R. Civ. P. 45(c); Gillam v. A. Shyman, Inc., 22 F.R.D. 475, 479 (D. Alaska 1958).

This Court must consider the following matters before approving service of a proposed subpoena duces tecum. A subpoena must comply with the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"), and considerations of burden and expense set forth in Federal Rules of Civil Procedure 26(b)(2)(C) and 45(d). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (requiring indigent plaintiff to demonstrate that he had "made provision for the costs of such discovery"), citing Cantaline v. Raymark Industries, Inc., 103 F.R.D. 447, 450 (S.D. Fla. 1984); see also United States v. Columbia Broadcasting System, Inc., 666 F.2d 364 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. Badman, 139 F.R.D. at 605.

In addition, a motion requesting issuance of a subpoena duces tecum be supported by: (1) clear identification of the documents sought and from whom, and (2) a showing that the records are obtainable only through the identified third party. See, e.g., Davis v. Ramen, No. 1:06-cv-1216 AWI SKO PC, 2010 WL 1948560, at *1 (E.D. Cal. May 11, 2010); Williams v. Adams, No. 1:05-cv-0124 AWI SMS PC, 2010 WL 148703, *1 (E.D. Cal. Jan. 13, 2010). The person to whom the subpoena is directed must be clearly and readily identifiable, with an accurate physical address to enable personal service of the subpoena. See Fed. R. Civ. P. 45(a)(1)(A)(iii).

///

"An unexecuted and likely undrafted declaration of a non-party is not an existing document in anybody's possession, custody or control. Therefore, a request to subpoena a non-party to produce an affidavit, such as Plaintiff is requesting here, is beyond the scope of Rule 45." West v. Dixon, No. 2:12-cv-1293 DAD P, 2014 WL 114659, at *1 (E.D. Cal. Jan. 9, 2014) (citing Johnson v. Dovey, No. 1:08-cv-0640 LJO DLB PC, 2010 WL 1957278 at * 1 (E.D. Cal. May 14, 2010)).[3] Accordingly, Plaintiff's motion for the issuance of subpoenas shall be denied.

## IV.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motions to compel and request for issuance of subpoenas (ECF Nos. 49, 50) are DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **June 10, 2025**

STANLEY A. BOONE
United States Magistrate Judge

---

[3] To the extent Plaintiff is requesting the Court issue subpoenas for witnesses to appear and testify before the Court, such request is premature.