UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D'ANNUNZIO ROMAN GAVIOLA PATRON,<br><br>             Plaintiff,<br><br>     v.<br><br>C. MARES, et al.,<br><br>             Defendants. | No. 1:24-cv-00655-JLT-SAB (PC)<br><br>ORDER FOR DEFENDANT LILIAN H TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO FILE A RESPONSE TO THE COURT'S JUNE 11, 2025, ORDER<br><br>(ECF No. 55) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's Fourteenth Amendment due process deliberate indifference claim against Defendants Lilian H., C. Mares, and C. Herrera.

On February 11, 2025, Defendant Lilian H an employee of Wellpath, LLC. filed a suggestion of bankruptcy and notice of stay indicating that on November 11, 2024, Wellpath filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Texas (Houston Division) for relief under chapter 11 of the United States Bankruptcy Code. (ECF No. 44.)

Given that four months had passed since the most recent filing, on June 11, 2025, the Court ordered Defendant Lilian H to file a responsive pleading within twenty days. (ECF No. 55.) Defendant has not filed a responsive pleading or otherwise communicated with the Court and the time to do has passed.

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to "secure the just, speedy, and inexpensive determination" of an action. Fed. R. Civ. P. 1. To

1 effectuate this purpose, the rules provide for sanctions against parties that fail to comply with
2 court orders or that unnecessarily multiply the proceedings. See, e.g., Fed. R. Civ. P. 16(f); Fed.
3 R. Civ. P. 37(b). Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party
4 or attorney fails to obey a scheduling or other pretrial order.

5        The Court also possesses inherent authority to impose sanctions to manage its own affairs
6 so as to achieve the orderly and expeditious disposition of cases. Chambers v. NASCO, Inc., 501
7 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all
8 others, including to protect the due and orderly administration of justice and maintain the
9 authority and dignity of the Court. Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980). In
10 order to compel a party to comply with the Court's orders, the Court may issue daily sanctions
11 until compliance is obtained. See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005)
12 (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the
13 defendant to do what he had refused to do.").

14        Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of
15 counsel or of a party to comply with these Rules or with any order of the Court may be grounds
16 for imposition by the Court of any and all sanctions authorized by statute or Rule or within the
17 inherent power of the Court." See Local Rule 110.

18        Here, Defendant Lilian H has not responded to the Court's June 11, 2025 order and the
19 time to do so has passed. Accordingly, it is HEREBY ORDERED that Defendant Lilian H shall
20 show cause in writing within **five (5)** days of entry of this order why sanctions should not be
21 imposed for failure to obey this Court's order.

22
23 IT IS SO ORDERED.
24 Dated:   **July 3, 2025**
25                          STANLEY A. BOONE
                         United States Magistrate Judge