UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D'ANNUNZIO ROMAN GAVIOLA PATRON, <br><br> Plaintiff, <br><br> v. <br><br> C. MARES, et al., <br><br> Defendants. | No.  1:24-cv-00655-JLT-SAB (PC) <br><br> FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION <br><br> (ECF No. 61) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a preliminary injunction, filed December 23, 2025.  (ECF No. 61.)

**I.**

**LEGAL STANDARD**

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). Alternatively, under the so-called sliding scale

1  approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and
2  can show that an injunction is in the public interest, a preliminary injunction may issue so long as
3  serious questions going to the merits of the case are raised and the balance of hardships tips
4  sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th
5  Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary
6  injunctions remains viable after Winter).

7  Preliminary injunctive relief is an "extraordinary remedy that may only be awarded upon a
8  clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22. An injunction
9  against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v.
10 Hazeltine Research, Inc., 395 U.S. 100, 110 (1969); Zepeda v. United States Immigration Serv.,
11 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal
12 jurisdiction over the parties and subject matter jurisdiction over the claims ...."). In cases brought
13 by prisoners involving conditions of confinement, any preliminary injunction must be narrowly
14 drawn, extend no further than necessary to correct the harm the court finds requires preliminary
15 relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

16 **II.**
17 **DISCUSSION**

18 Plaintiff initially seeks to amend the operative first amended complaint to demand a jury
19 trial. Federal Rule of Civil Procedure 38(b) requires a party seeking a jury trial on a given issue
20 to serve "the other parties with a written demand—which may be included in a pleading—no later
21 than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b). "[A]
22 party may specify the issues that it wishes to have tried by a jury; otherwise, it is considered to
23 have demanded a jury trial on all the issues so triable." Id. at 38(c). Moreover, "[a] proper
24 demand may be withdrawn only if the parties consent." Id. at 38(d). "Rule 38 has been interpreted
25 as incorporating a right of reasonable reliance on the jury demand of another party." Cal. Scents
26 v. Surco Prod., Inc., 406 F.3d 1102, 1106 (9th Cir. 2005) (citations and internal quotation marks
27 omitted). In other words, "once one party files such a [jury] demand other parties are entitled to
28 rely on that demand for the issues it covers, and need not file their own demands." Id. (alteration

1  in original) (quoting Fuller v. City of Oakland, 47 F.3d 1522, 1531 (9th Cir. 1995)). In general,
2  courts " 'indulge every reasonable presumption against waiver' of the jury trial right." Id.
3  (quoting Aetna Ins. Co. v. Kennedy ex rel. Bogash, 301 U.S. 389, 393 (1937)).
4      Rule 39 states, "[w]hen a jury trial has been demanded under Rule 38 ... [t]he trial on all
5  issues so demanded must be by jury unless" one of two conditions is met: either "(1) the parties
6  or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or (2) the court,
7  on motion or on its own, finds that on some or all of those issues there is no federal right to a jury
8  trial." Fed. R. Civ. P. 39(a).
9      Here, Defendants have timely requested a jury trial and Plaintiff is entitled to rely on their
10  demand.  Thus, since Defendants have made the jury demand, only a stipulation by the parties or
11  a court order could effect withdrawal of the demand.  Fed. R. Civ. P. 39.  In this instance, there is
12  neither a stipulation signed by the parties nor a prior court order determining the trial should
13  proceed without a jury.  Accordingly, Plaintiff's request to amend the operative complaint to
14  demand a jury trial is not necessary and any potential trial will proceed as a jury trial.
15      In addition, Plaintiff has not met the requirements for the injunctive relief he seeks in this
16  motion.  This action is proceeding on Plaintiff's first amended complaint for a due process
17  violation against individuals employed at the Fresno County Jail.  Plaintiff seeks a preliminary
18  injunction for the return of a prisoner self-help litigation manual which was allegedly confiscated
19  as contraband at the California Medical Facility in Vacaville, California.  A district court has no
20  authority to grant relief in the form of a preliminary injunction where it has no jurisdiction over
21  the parties. Price v. City of Stockton, 390 F.3d 1105, 1117 (9th Cir. 2004) (per curiam) ("A
22  federal court may issue an injunction if it has personal jurisdiction over the parties and subject
23  matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before
24  the court.") (citation omitted). To the extent plaintiff seeks an injunction against non-defendants,
25  the court does not have jurisdiction over those individuals unless plaintiff provides facts showing
26  that they are acting "in active concert or participation" with the defendant. Fed. R. Civ. P.
27  65(d)(2); Zenith Radio Corp. v. Hazeltine Rsch., Inc., 395 U.S. 100, 112 (1969) ("[A] nonparty
28  with notice cannot be held in contempt until shown to be in concert or participation."). Plaintiff

has failed to provide any such facts to make such a showing.  Nor is Plaintiff's claim that his book was improperly classified as "contraband" is not related to Plaintiff's due process claim in this action.  <u>Price</u>, 390 F.3d 1105, 1117 (9th Cir. 2004) (per curiam) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.") (citation omitted).  Accordingly, Plaintiff's motion for a preliminary injunction should be denied.

## III.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

4

Plaintiff wishes to amend the complaint to demand a jury trial in this action. Plaintiff wishes to clarify in his amended complaint that he agrees to this request. Id. However, Plaintiff's consent is not necessary for Defendant to exercise his right to request a jury trial. Id. Thus, amendment on this basis is not warranted.

IT IS SO ORDERED.

Dated: __January 6, 2026__

STANLEY A. BOONE
United States Magistrate Judge