UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

D'ANNUNZIO ROMAN GAVIOLA PATRON,

Plaintiff,

v.

C. MARES, et al.,

Defendants.

No.  1:24-cv-00655-JLT-SAB (PC)

FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S SECOND MOTION FOR PRELIMINARY INJUNCTION

(ECF No. 66)

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second motion for a preliminary injunction, filed January 8, 2026.

**I.**

**LEGAL STANDARD**

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). Alternatively, under the so-called sliding scale

1

approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

Preliminary injunctive relief is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22. An injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969); Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claims ...."). In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

## II.

## DISCUSSION

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. As stated in the Court's January 7, 2026, Findings and Recommendations, this action is proceeding on Plaintiff's first amended complaint for a due process violation against individuals employed at the Fresno County Jail. Plaintiff seeks a preliminary injunction for the return of a prisoner self-help litigation manual which was allegedly confiscated as contraband at the California Medical Facility in Vacaville, California. A district court has no authority to grant relief in the form of a preliminary injunction where it has no jurisdiction over the parties. Price v. City of Stockton, 390 F.3d 1105, 1117 (9th Cir. 2004) (per curiam) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.") (citation omitted). To the extent plaintiff seeks an injunction against non-defendants, the court does not have jurisdiction over

those individuals unless plaintiff provides facts showing that they are acting "in active concert or participation" with the defendant. Fed. R. Civ. P. 65(d)(2); Zenith Radio Corp. v. Hazeltine Rsch., Inc., 395 U.S. 100, 112 (1969) ("[A] nonparty with notice cannot be held in contempt until shown to be in concert or participation."). Plaintiff has failed to provide any such facts to make such a showing. Nor is Plaintiff's claim that his book was improperly classified as "contraband" related to Plaintiff's due process claim in this action. Price, 390 F.3d 1105, 1117 (9th Cir. 2004) (per curiam) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.") (citation omitted). Accordingly, Plaintiff's second motion for a preliminary injunction should be denied.

## III.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's second motion for a preliminary injunction be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 13, 2026**

STANLEY A. BOONE
United States Magistrate Judge

3