UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D'ANNUNZIO ROMAN GAVIOLA PATRON,<br><br>Plaintiff,<br><br>v.<br><br>LEWY HUGH, et al.,<br><br>Defendants. | No.  1:24-cv-00655-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 18) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed November 5, 2024. (ECF No. 18.)  Plaintiff seeks appointment of counsel because he is indigent; he is imprisoned; lacks access to law library; has limited knowledge of the law; and a trial will likely involve conflicting testimony.  (Id.)

As Plaintiff is aware, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain

1

exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exception circumstances exist and here, they do not. Plaintiff's difficulty with discovery shared by all incarcerated litigants proceeding pro se and does not rise to the level of exceptional circumstances. Fierro v. Smith, No. 19-16786, 2022 WL 2437526, at *2 (9th Cir. 2022) (noting that the difficulties pro se prisoner face in navigating discovery is not by itself sufficient for appointment of counsel); see also Choquette v. Warner, No. 3:15-cv-05838-BHS-JRC, 2016 WL 11622951, at *1 (W.D. Wash. 2016) (finding that desire for assistance with discovery is not an exceptional circumstance). In addition, although the Court has found that Plaintiff's complaint states cognizable claims, at this juncture, the Court cannot determine the likelihood of success on the merits of Plaintiff's claims. The likelihood of success on the merits determination is not the same as that required at screening. Further, a review of the docket reflects that Plaintiff has

///

///

///

2

adequately litigated this action to date.  Accordingly, Plaintiff's second motion for the appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated:   **June 17, 2026**

STANLEY A. BOONE
United States Magistrate Judge