UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D'ANNUNZIO ROMAN GAVIOLA PATRON,<br><br>Plaintiff,<br><br>v.<br><br>C. MARES, et al.,<br><br>Defendants. | No.  1:24-cv-00655-JLT-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO APPEAR FOR DEPOSITION<br><br>(ECF No. 73) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to compel, filed May 20, 2026.

**I.**

**BACKGROUND**

This action is proceeding on Plaintiff's Fourteenth Amendment due process deliberate indifference claim against Defendants Lilly Heu,[1] Cristobal Mares, and Christopher Herrera.

On December 30, 2024, Defendant Cristobal Mares filed an answer to the complaint (ECF No. 34.)  Defendant Christopher Herrera filed an answer to the complaint on March 26,

---

[1] Erroneously sued as Registered Nurse Lew Hugh.

1

2025.[2]  (ECF No. 46.)

On January 10, 2025, the Court issued the discovery and scheduling order.  (ECF No. 40.)

Defendant Lilly Heu filed an answer to the complaint on July 10, 2025.[3]  (ECF No. 59.)

On January 6, 2026, the Court modified the discovery and scheduling order and extended the discovery deadline to August 1, 2026, and the dispositive motion deadline to October 1, 2026. (ECF No. 64.)

On May 20, 2026, Defendants Herrera and Mares filed the instant motion to compel. (ECF No. 73.)  Plaintiff did not file an opposition and the time to do so has passed.  Local Rule 230(l).

**II.**

**LEGAL STANDARD**

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement.  As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 40.  Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional

---

[2] Defendants Herrera and Mares are represented by the office of Aleshire & Wynder, LLP.

[3] Defendant Heu is represented by the Bertling Law Group.

2

safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply.  The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned.  Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted).  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed R. Civ. P. 26(b)(1).

**III.**

**DISCUSSION**

**A.      Defendants' Motion to Compel**

Defendants moves to compel Plaintiff to appear for a deposition.  Defendants also seek sanctions totaling $1,966.50 for costs and attorney's fees associated with Plaintiff's nonappearance at the deposition and preparation of the instant motion. (ECF No. 73.)

1.      Failure/Refuse to Appear at Deposition

On March 16, 2026, Defendants served Plaintiff with a deposition notice, informing him that his remote deposition would take place on April 22, 2026 at 9:00 a.m..  (Declaration of Nancy Flores Castaneda (Castaneda Decl.) ¶ 2, Ex. A.)  The notice provided ample time for Plaintiff to object, request alternative dates, or seek a protective order. (Castaneda Decl., ¶

3

3.) Plaintiff did none of these things. (Id.)

On April 22, 2026, Defendants' counsel appeared remotely and prepared to proceed with Plaintiff's deposition, along with a certified court reporter. (Castaneda Decl., ¶ 4.)  After waiting fifty (50) minutes for Plaintiff to appear, Defendant's counsel was notified by correctional officer Grace of the California State Prison, Sacramento that Plaintiff had refused to appear to his scheduled deposition. (Castaneda Decl., ¶ 5, Ex B.) Defendant's counsel placed Plaintiff's non-appearance on the record. (Id.)

Defendants' motion to compel shall be granted.  The discovery and scheduling order provides as follows: "Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Defendant may depose Plaintiff and any other witness confined in a prison, by video or in person, provided that, at least 14 days before such a deposition, Defendant serves all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1)." (ECF. 40 at 2.)  Further, that order provides that "the failure of Plaintiff to attend, be sworn, and answer appropriate questions may result in sanctions, including terminating sanctions as provided in Federal Rule of Civil Procedure 37." (Id.)

Rule 30 of the Federal Rules of Civil Procedure provides that a "court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

Here, Defendants properly noticed Plaintiff's deposition for April 22, 2026, but Plaintiff refused to appear.  Plaintiff is obligated to follow applicable federal and local rules.  Following Plaintiff's failure to appear, Defendants made a good faith effort to resolve the matter without Court intervention. (Castaneda Decl., ¶ 8, Ex D.)  On May 8, 2026, Defendants sent Plaintiff a meet-and-confer letter requesting that Plaintiff contact Counsel to reschedule his deposition and avoid having Defendants file a motion to compel. (Id.)  Defendants submit that as of the filing of the instant motion, Plaintiff has failed to respond to Defendants' meet-and-confer efforts and has not contacted Defendants' Counsel to reschedule his deposition. (Castaneda Decl., ¶ 9.) Accordingly, Defendants' motion to compel Plaintiff's appearance and participation at a properly noticed deposition shall be granted.

4

2.        Reasonable Expenses and Attorney Fees

Under the Federal Rule of Civil Procedure 37(d)(1)(A)(i), "[a] court where the action is pending may, on motion, order sanctions if…a party… fails, after being served with proper notice, to appear for that person's deposition." (Fed. R. Civ. P. 37(d)(1)(A)(i).) Moreover, "[s]anctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act… to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." (Fed. R. Civ. P. 37(d)(3).)

Here, Plaintiff was properly served with notice of his deposition pursuant to Rules 30(a)(2)(B) and 30(b)(1), yet he refused to appear. (Castaneda Decl., ¶¶ 2-5, Ex. A & B.) As a direct result of Plaintiff's failure to appear, Defendants incurred costs associated with the missed deposition, including a certified court reporter appearance fee in the amount of three hundred and ninety-five dollars ($395.00). (Castaneda Decl., ¶ 6, Ex. C.)  Defendants also incurred attorney's fees for Attorney William G. Buttry's time spent appearing and waiting for Plaintiff to attend the deposition. Attorney Buttry's hourly billing rate is $285 per hour, and he spent approximately 50 minutes waiting for Plaintiff to appear, resulting in attorney's fees in the amount of $256.50. (Id.) Defendants do not seek reimbursement for deposition preparation time and request only those fees directly resulting from Plaintiff's nonappearance. (Id.)  Additionally, Defendants incurred attorney's fees for attorney Nancy Flores Castaneda's time spent preparing the instant motion. (Castaneda Decl., ¶ 7.) Attorney Castaneda's hourly billing rate is $263 per hour, and she spent approximately 5 hours drafting this Motion, resulting in additional attorney's fees in the amount of $1,315. (Id.)

Plaintiff has provided no substantial justification for his failure to appear, and there is no basis to find any circumstances that would render an award of expenses unjust.  Accordingly, Defendants respectfully request that the Court grant Defendants' motion and award sanctions pursuant to Rule 37(d)(3) in the total amount of $1,966.50, consisting of the certified court reporter appearance fee and reasonable attorney's fees incurred as a result of Plaintiff's nonappearance and the preparation of this motion.

5

**IV.**

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to compel Plaintiff's participation at a properly noticed deposition (ECF No. 73.) is GRANTED;

2. Within fourteen (14) days from the date of service of this order, Defendants shall reschedule and re-notice Plaintiff's deposition;

3. Defendants' request for monetary sanctions is GRANTED in the amount of $1,966.50; and

4. Plaintiff's failure to appear and participate at the deposition will result in the imposition of sanctions, including dismissal of the action.

IT IS SO ORDERED.

Dated:   **June 26, 2026**

STANLEY A. BOONE
United States Magistrate Judge