UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

D'ANNUNZIO ROMAN GAVIOLA PATRON,

Plaintiff,

v.

C. MARES, et al.,

Defendants.

No. 1:24-cv-00655-JLT-SAB (PC)

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

(ECF No. 77)

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed June 15, 2026. (ECF No. 77.) Defendants Mares and Herrera filed an opposition on June 24, 2026. (ECF No. 79.) Plaintiff did not file a reply and the time to do so has passed. Local Rule 230(l).

**I.**

**LEGAL STANDARD**

Plaintiff is proceeding pro se and he is a former inmate at the Fresno County Jail challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and

confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 40. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

## II.

## DISCUSSION

Plaintiff has filed a one-page motion in which he seeks Defendants "to answer fully interrogatories number[s] 1, 2, 3, 4, 5, and … 6, copies of which I no longer have after the first of two illegal confiscation and trashing/disposing of the one set of photocopies I had so that I am not able to attach." (ECF No. 77 at 1.) Plaintiff submits that he "does currently have the original copies of Defendants' individual objections to [the] 6 (six) interrogatory questions." (Id.)

Defendants oppose Plaintiff's motion. Defendants initially submit that "Plaintiff's motion appears to be based on a misunderstanding of the discovery that was served in this matter. Plaintiff did not propound interrogatories to Defendants …. Instead, on June 18, 2025, Plaintiff served Requests for Production of Documents upon Defendants." (ECF No. 79; Declaration of Nancy Flores [Flores Decl.] at ¶ 2.) Consequently, Plaintiff cannot seek to compel responses to

interrogatories that were never propounded on Defendants, and his motion shall be denied.

Defendants submit that on July 18, 2025, they timely served written responses to Plaintiff's requests for production and produced responsive documents within their possession, custody, or control, and there is no evidence to the contrary. (Flores Decl. ¶ 4, Exs. A-B.) Defendants further submit they asserted objections to certain requests, but also produced responsive, non-privileged documents where available. (Id.) As Plaintiff sought production of documents, any claim that Defendants were required to provide information or explanations is unfounded. Further, the filing of a motion to compel is not the proper vehicle to address Plaintiff's conclusory contention that documents provided by Defendants were disposed of by jail staff. Moreover, Defendants again mailed their responses to Plaintiff's previously propounded request for production of documents. (Flores Decl. ¶ 5.)

Lastly, Plaintiff's request for personnel and disciplinary records is overbroad and improper. In the instant motion, Plaintiff seeks the following:

> "ANY AND ALL SMALL CLAIMS, LARGE CLAIMS, GRIEVANCES, CRIMINAL & CIVIL COMPLAINTS, DISCIPLINARY INFRACTIONS, AND/OR PUNISHMENTS FOR EMPLOYEE MISCONDUCT, ADVERSE DISPOSITIONS, REPREMANDMENTS, OR SUSPENTION OF ALL THREE DEFENDANTS… IN THEIR INDIVIDUAL OFFICIAL CAPACITY, FROM THE DATE MAY 15, 2024 ON BACK TO WHEN THEY FIRST BEGINNED THEIR EMPLOYMENT AT THE COUNTY JAIL…"

Although this request is not the same request that was made in Plaintiff's request for production of documents No. 2 served on June 18, 2025, requesting "PLEASE ATTACH A COPY OF ANY AN ALL LAW SUITS, SMALL CLAIMS, GRIEVANCES, COMPLAINTS, WRITE UPS, REPREMENDMENTS, PUNISHMENTS, DISPOSITIONS, INFRACTIONS AND OR TROUBLE YOU'VE BEEN ENVOLVED IN AND/OR INVOLING YOU…" the request is nonetheless still vague and ambiguous as to what exactly it seeks. Moreover, the request is overly broad, unduly burdensome, and seeks confidential personnel records and is not likely to lead to the discovery of admissible evidence. Accordingly, Defendants properly objected

to the request.[1]

In sum, Plaintiff has not met his burden under Federal Rule of Civil Procedure 37 of informing the Court which of the discovery responses are at issue. See McCoy v. Ramirez, No. 1:13-cv-01808-MJS (PC), 2016 WL 3196738 at *1 (E.D. Cal. June 9, 2016). Plaintiff may not merely put forth a blanket assertion that all of his discovery requests were appropriate and all of Defendants' responses thereto were deficient, as he has done so here. The Court will not comb through all of the requests and responses when Plaintiff has made no effort to make any argument pertaining to any individual request. Accordingly, Plaintiff's motion to compel shall be denied.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel, filed on June 15, 2026, (ECF No. 77), is DENIED.

IT IS SO ORDERED.

Dated: **July 23, 2026**

STANLEY A. BOONE
United States Magistrate Judge

[1] The Court rejects and does not consider Defendants' argument that Plaintiff failed to meet and confer prior to seeking court intervention, as the Court specifically excluded this requirement by order issued on January 10, 2025. (ECF No. 40 at ¶ 4.)